OPINION
{¶ 1} After a bench trial, Antonio Cobb was found guilty of criminal damaging, a second degree misdemeanor. He was sentenced to ninety (90) days incarceration with credit given for twenty-nine (29) days spent in jail awaiting trial.
 {¶ 2} On appeal, Cobb contends that the judgment of guilt is against the manifest weight of the evidence.
 {¶ 3} Cobb's argument in support of this assignment of error is as follows:
 {¶ 4} "The State put forward three witnesses to the incident and the Defense put forward one witness to the alleged offense. The first witness and the complaining witness was Angela Watson, girlfriend of the Defendant at the time. Pursuant to the recollection of the Defense Counsel at the time of trial, Ms. Watson testified that she threw a chair at the Defendant's car, he threw it back and hit the door to her home, shattering it and causing debris to fly about the area. She further testified that part of this debris stuck her infant son and cut his eye causing it to bleed.
 {¶ 5} "The State also put forward Mrs. Theresa Watson, the victim's Mother. Mrs. Watson did not support the assertion that the front door had splintered or shattered or was damaged in any way and directly contradicted the assertion that the child was injured in any way.
 {¶ 6} "The State finally called Officer Eric Brown, the responding officer. Officer Brown also testified that he observed no damage to the door consistent with shattering or splintering or which would be consistent with being struck by a flying object. Officer Brown finally testified he observed no injuries to the infant child either a bleeding wound to the eye or otherwise.
 {¶ 7} "Finally, the Defense called Mr. Andy Cobb, Brother of the Defendant. Mr. Cobb testified he was present throughout the incident and did not observe the Defendant throw anything at or near the home of the complaining witness.
 {¶ 8} "Further, pursuant to the recollection of the trial counsel of Defendant, no evidence *Page 3 
was entered into evidence supporting any repairs done to the front door, no photographs of the front door, no physical pieces or debris from the incident.
 {¶ 9} "In that the State bears the burden of proving beyond a reasonable doubt that damage was done by Defendant and in that the State produced only the testimony of one witness, contradicted by the testimony of all other witnesses, including a disinterested police officer and the mother of the first witness, and was unable to produce even a single piece of physical evidence, the State clearly failed to meet this burden."
 {¶ 10} It is clear from the above argument that the argument is dependent upon the recollection of trial counsel, who is not appellate counsel. There is no trial transcript because the recording device was not operating during the trial. (Affidavit of Court Reporter Linda Sue Jones, filed January 19, 2006.)
 {¶ 11} Appellate counsel presented a "Statement of the Case in Lieu of Record" to the trial court per App.R. 9(C) and the prosecutor filed a "Motion and Memorandum in Opposition to Appellant's Motion to Certify Statement in Lieu of Transcript." Thereafter, the trial court entered the following:
 {¶ 12} "The court being fully advised herein makes the following findings as the `statement of evidence in lieu of transcript in the above captioned matter.'
 {¶ 13} "Statement of Evidence
 {¶ 14} "1. Angela Watson testified that on July 8, 2005, defendant Antonio D. Cobb, came to Angela Watson's mother's home located at 534 Kenilworth Avenue in the City of Dayton, Montgomery County, Ohio. Angela Watson and Antonio D. Cobb argued and Antonio D. Cobb threw a chair against a door at 534 Kenilworth, which resulted in damage to said door. *Page 4 
 {¶ 15} "2. Theresa Watson, the mother of Angela Watson, testified that she was the owner of the property located at 534 Kenilworth Avenue. She testified that on July 8, 2005, she saw Antonio D. Cobb throw a child's metal chair against her storm door which caused damage to her door. This was done without her permission.
 {¶ 16} "3. Dayton Police Officer Eric Brown testified that `while at 534 Kenilworth Avenue on July 8, 2005, he saw the child's chair on the porch and noticed damage to the door.
 {¶ 17} "4. Andy Cobb testified that he is the brother of Antonio D. Cobb and he witnessed an argument between Angela Watson and Antonio D. Cobb. He further testified that he saw Angela Watson throw a chair at the automobile that Antonio D. Cobb was using. He also testified that he saw no physical contact between Angela Watson and Antonio D. Cobb."
 {¶ 18} It is clear from the trial court's statement of evidence that it rejected much of trial counsel's-and Cobb's-recollection of the testimony, upon which Cobb's proposed statement of the case was based. It was the prerogative of the trial court to do so. The trial court's statement of the evidence is the record upon which we determine whether the judgment is against the manifest weight of the evidence. Based upon the only record we may consider, we cannot make that determination.
 {¶ 19} The assignment of error is overruled. The judgment will be affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1